1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  RONALD RODGERS,                          No. CIV S-08-0686-MCE-CMK-P

12                   Plaintiff,

13          vs.                               <u>ORDER</u>

14  JOHN OLIVA, et al.,

15                   Defendants.

16  _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request to stay this case until March

19  2009 (Doc. 15).  Plaintiff indicates in his request that he has been unable to file a response to the

20  defendant's motion to dismiss due to limited access to the law library.

21          Plaintiff's request to stay this case will be denied.  The motion to dismiss does not

22  raise complex legal issues requiring such a delay in prosecuting this case.  Plaintiff complaint

23  contains Eighth Amendment claims arising from his transportation from Folsom State Prison to

24  San Quentin State Prison.  Defendant alleges in his motion that plaintiff's complaint fails to state

25  a claim against defendant Oliva.  Defendant claims the only contact plaintiff purports to have had

26  with defendant Oliva was after the transfer occurred, in relation to an inmate grievance plaintiff

1

1   filed, and that plaintiff has not alleged defendant Oliva was personally involved in transporting

2   plaintiff.

3       Accordingly, the response required in opposition to the motion does not involve

4   complex legal analysis.  The question is whether plaintiff has, or is able to, plead sufficient facts

5   to allege an actual connection between defendant Oliva's actions and a violation of a

6   constitutional right.  Plaintiff states he is need of the extra time due to his limited access to the

7   law library during the week because he is enrolled in an educational class.  He does state,

8   however, that he has access to the law library on Saturdays.  This should be sufficient to enable

9   plaintiff to file a response in opposition to the motion to dismiss.

10       Plaintiff is informed that in considering a motion to dismiss, the court must accept

11   all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 127 S. Ct. 2197

12   (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.

13   See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer,

14   468 U.S. 183 (1984); see also Hospital Bldg. Co. v. Rex Hospital Tr., 425 U.S. 738, 740 (1976);

15   Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts

16   must be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17   "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

18   offer evidence to support the claims."  Scheuer, 416 U.S. at 236.

19       In order to survive dismissal for failure to state a claim, a complaint must contain

20   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

21   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

22   Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Allegations of specific facts are not necessary so

23   long as the statement of facts gives the defendant fair notice of what the claim is and the grounds

24   upon which it rests.  See Erickson, 127 S. Ct. at 2197.

25       In relation to an excessive force claim, the treatment a prisoner receives in prison

26   and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth

Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475 U.S. at 320-21.  In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521,

1528 (9th Cir. 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at

7-9.  Finally, because the use of force relates to the prison's legitimate penological interest in

maintaining security and order, the court must be deferential to the conduct of prison officials.

See Whitley, 475 U.S. at 321-22.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

105; see also Farmer, 511 U.S. at 837.  An injury or illness is sufficiently serious if the failure to

treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also

Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are:

(1) whether a reasonable doctor would think that the condition is worthy of comment; (2)

whether the condition significantly impacts the prisoner's daily activities; and (3) whether the

condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122,

1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases

than in other Eighth Amendment contexts because the responsibility to provide inmates with

medical care does not generally conflict with competing penological concerns.  See McGuckin,

974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989).  The complete denial of medical attention may constitute deliberate indifference.  See

Toussaint, 801 F.2d at 1111.  Delay in providing medical treatment, or interference with medical

treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where

delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.

See McGuckin, 974 F.2d at 1060.

Finally, plaintiff is informed that prisoners have no stand-alone due process right

to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988);

4

1  see also <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty

2  interest entitling inmates to a specific grievance process).

3             Given the above, plaintiff has the ability to file a response in opposition to the

4  pending motion to dismiss without excessive access to the law library.  Plaintiff will be granted

5  an additional 45 days in which to file his opposition.  This will provide plaintiff with at least four

6  additional Saturday sessions in the law library, which should be sufficient.

7             According, IT IS HEREBY ORDERED that:

8             1.      Plaintiff's request to stay this case (doc. 15) is denied; and

9             2.      Plaintiff's response in opposition to the motion to dismiss is due within 45

10  days of the date of service of this order.

11

12  DATED:  November 20, 2008

13

14  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26