1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   RONALD RODGERS,                    No. CIV S-08-0686-MCE-CMK-P
12              Plaintiff,
13        vs.                          FINDINGS AND RECOMMENDATIONS
14   JOHN OLIVA, et al.,
15              Defendants.
16   _____/
17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18   to 42 U.S.C. § 1983.  Pending before the court is Defendant's motion to dismiss (Doc. 13).
19   Plaintiff filed an opposition to the motion (Doc. 17).
20              In considering a motion to dismiss, the court must accept all allegations of
21   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197
22   (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.
23   See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital
24   Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per
25   curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v.
26   McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than

those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the claim is and the grounds upon which it rests.  See Erickson, 127 S. Ct. at 2200.

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Under these standards, a statute of limitations defense may be raised in a motion to dismiss.  Finally, leave to amend must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Reading Plaintiff's complaint broadly, as the court must, it was originally read as alleging that during his transport between Folsom State Prison and San Quentin State Prison, Plaintiff was forced by defendant Oliva, as the only individual identified in the complaint, to sit in a holding cage on a bus.  It appeared Plaintiff was claiming that he informed defendant Oliva that he had a condition in his left knee which made it painful for him to bend his leg and was

1    unable to sit in such a cage, and that defendant Oliva refused to accommodate him in deliberate

2    indifference to a serious medical condition, and that he was made to suffer severe pain

3    unnecessarily.  Accordingly, service was deemed appropriate as to defendant Oliva.

4            Defendant Oliva brings this motion to dismiss on the grounds that Plaintiff's

5    complaint fails to state a claim against him, in that it only alleges that Oliva was involved with a

6    review of the transportation incident.  Oliva argues the complaint only identifies him as the

7    officer responding to Plaintiff's inmate grievance, not as one of the officers involved in his

8    transportation.

9            Plaintiff does not deny Oliva's only involvement was after the incident and in

10   relation to his inmate grievance.  Instead, Plaintiff confirms defendant Oliva was not one of the

11   transporting officers; rather "Defendant Oliva, was the only CDCR personnel that the plaintiff

12   could use in the plaintiff's complaint in the above entitled action."  (Opposition, Doc. 17, at 1-2).

13           To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

14   connection or link between the actions of the named defendants and the alleged deprivations.

15   See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

17   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

18   omits to perform an act which he is legally required to do that causes the deprivation of which

19   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

20   conclusory allegations concerning the involvement of official personnel in civil rights violations

21   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

22   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

23   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

24           As Defendant points out, the only allegations in the complaint linked to him stem

25   from his involvement in Plaintiff's inmate grievance.  However, prisoners have no stand-alone

26   due process right to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639,

3

1  640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that

2  there is no liberty interest entitling inmates to a specific grievance process).  As those are the

3  only allegations related to Defendant Oliva, and involvement therein can not form the basis for a

4  civil rights action, the complaint fails to state a claim upon which relief can be granted.

5        While Plaintiff acknowledges defendant Oliva was not involved in the

6  depravation of his constitutional rights, he states he has been unable to learn the identity of the

7  officers involved.  It therefore may be possible that Plaintiff can cure the deficiencies in his

8  complaint by filing an amended complaint which properly names the officers actually involved in

9  the incident.  Plaintiff should be provided with an opportunity to identify the correct defendants

10 and cure the defects in his complaint.

11        To the extent Plaintiff requests the court's assistance in identifying the prison

12 officials involved in the transportation incident he complains of, the court is unable to

13 accommodate his request.  Plaintiff may, however, be able to seek such information through the

14 California Public Records Act, Cal. Gov't. Code § 6250, et seq., or other means available to him.

15        Because it is possible that the deficiencies in Plaintiff's complaint may be cured

16 by amending the complaint, plaintiff should be entitled to leave to amend prior to dismissal of

17 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

18 Plaintiff is informed that, as a general rule, an amended complaint supersedes the original

19 complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following

20 dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

21 in an amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

22 Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order

23 to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended

24 complaint must be complete in itself without reference to any prior pleading.  See id.

25 / / /

26 / / /

4

1                If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>

3  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

4  each named defendant is involved, and must set forth some affirmative link or connection

5  between each defendant's actions and the claimed deprivation. <u>See May v. Enomoto</u>, 633 F.2d

6  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

7                Finally, plaintiff is warned that failure to file an amended complaint within the

8  time provided in this order may be grounds for dismissal of this action. <u>See Ferdik</u>, 963 F.2d at

9  1260-61; <u>see also</u> Local Rule 11-110. Plaintiff is also warned that a complaint which fails to

10  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

11  41(b). <u>See Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

12                Based on the foregoing, the undersigned recommends that:

13                1.     Defendant's motion to dismiss (Doc. 13) be granted and Defendant Oliva

14  be dismissed from this action;

15                2.     Plaintiff's complaint be dismissed with leave to amend;

16                3.     Plaintiff be allowed 30 days in which to file an amended complaint

17  naming the individual actually involved in the incident; and

18                4.     If Plaintiff is unable to file an amended complaint with the time frame

19  allowed, this action be dismissed without prejudice to Plaintiff's ability to re-file his complaint at

20  a later date.

21                These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days

23  after being served with these findings and recommendations, any party may file written

24  ///

25  ///

26  ///

1   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2   Findings and Recommendations."  Failure to file objections within the specified time may waive

3   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5    DATED:  May 29, 2009

6                                                                    _____

7                                                                    **CRAIG M. KELLISON**
                                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26