1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD RODGERS,                    No. CIV S-08-0686-MCE-CMK-P

12                  Plaintiff,

13          vs.                          <u>FINDINGS AND RECOMMENDATIONS</u>

14    JOHN OLIVA, et al.,

15                  Defendants.

16    _____/

17             Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  On July 29, 2009, the court granted defendant Oliva's motion to dismiss

19    (Doc. 19).  Plaintiff was directed to file an amended complaint within 30 days of the date of that

20    order.  Plaintiff was warned that failure to file an amended complaint may result in dismissal of

21    this action for lack of prosecution and failure to comply with court rules and orders (Doc. 18).

22    <u>See</u> Local Rule 11-110.  To date, plaintiff has not complied.

23             The court must weigh five factors before imposing the harsh sanction of

24    dismissal.  <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v.</u>

25    <u>U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

26    interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

                                          1

the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to file an amended complaint as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 15, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE